IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| REGINALD ALEXANDER | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv6 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Reginald Alexander, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Alexander was convicted on his plea of guilty of the offense of aggravated robbery, receiving a sentence of 25 years in prison on August 17, 2009. He did not take a direct appeal, but filed a state habeas corpus application on July 1, 2010. This application was dismissed by the Texas Court of Criminal Appeals on September 8, 2010. He then filed a second state habeas petition on September 6, 2012, which was dismissed by the Court of Criminal Appeals on January 9, 2013. Alexander filed his federal habeas petition on January 6, 2014.

After review of the pleadings, the Magistrate Judge ordered Alexander to show cause why his petition should not be dismissed as barred by the statute of limitations. *See* Day v. McDonough, 547 U.S. 198, 210 (2006). In his response, Alexander stated that the order said his second state application was denied on January 4, but the correct date was January 9, 2013, and that Alexander knew that he had to have his petition filed before January 9, 2014, so he would not be time barred.

On March 17, 2014, the Magistrate Judge issued a Report recommending that Alexander's petition be dismissed as barred by the statute of limitations. After setting out the limitations statute, the Magistrate Judge observed that Alexander did not take a direct appeal, meaning that his conviction became final upon the expiration of his time to do so, on Wednesday, September 16, 2009, absent the operation of other factors.

The Magistrate Judge observed that Alexander's first state habeas petition was filed on July 1, 2010, after 288 days had passed. This petition tolled the limitations period for the 69 days that it was pending, causing Alexander's limitations period to expire on November 24, 2010.

Alexander did not file his second state habeas petition until September 6, 2012, over a year and nine months after his limitations period had expired. Although Alexander appears to argue in his response that the limitations period ran from the date that his second state application was denied, this is incorrect; the Fifth Circuit has held that a state habeas application filed after the limitations period has expired does not revive any part of that period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999). Hence, the Magistrate Judge concluded that Alexander's second state habeas application had no effect on the limitations period, which period had expired on November 24, 2010.

The Magistrate Judge also determined that Alexander was not entitled to equitable tolling of the limitations period. Such tolling requires a showing that the petitioner has pursuing his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). In this case, the Magistrate Judge determined that Alexander failed to exercise reasonable diligence because almost two years elapsed between the dismissal of his first state petition and the filing of his second one, which lapse of time consumed the entirety of the one-year limitations period.

In his objections to the Magistrate Judge's Report, Alexander states that the notice he received stated that his second state petition was denied on January 4, not January 9,[1] but did not mention anything about his second petition being done after the limitations period had expired.

Alexander goes on to assert that a challenge to a void conviction may be raised at any time and that he needed the "court reporter records" to be able to prove ineffective assistance of counsel. He states he was bench warranted back to Smith County to see his records but was told that they did not have the records and that he would have to purchase them at a cost of almost $600.00. He is incarcerated with no source of income except for a little assistance from his family and he knew it would take a long time before anyone could sacrifice to purchase them. This is why he says it took so long to file the second state habeas petition. Alexander also argues the merits of his claim, stating that because the Court referred to him by the name of his co-defendant, this means that he was not the one who was actually sentenced, causing him to be unlawfully imprisoned; however, Alexander was in court and heard what was said, and fails to show why he would need a trial transcript to raise this claim.

The Fifth Circuit has stated that an indigent habeas petitioner is not entitled to a free copy of his trial transcript and record to search for possible trial defects merely because he is an indigent. Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975); Johnson v. Johnson, 194 F.3d 1309, 1999 WL 767047 (5th Cir., September 3, 1999). The fact that Alexander took a long time to obtain his trial transcript is not a state-created impediment which prevented him from seeking habeas corpus relief, nor is it a "rare and exceptional circumstance" giving rise to equitable tolling. *See also* Guinn v. Director, civil action no. 6:09cv354, 2010 WL 1330995 (E.D.Tex., March 29, 2010, *aff'd by denial of certificate of appealability* September 2, 2010); Wright v. Dretke, civil action no. 3:05cv518, 2005 WL 1639321 (N.D.Tex., July 11, 2005, *aff'd by denial of certificate of*

---

[1]The date is handwritten in Alexander's original petition and is difficult to discern.

*appealability* August 21, 2006) (petitioner's receipt of trial transcripts more than one year after conviction became final did not warrant equitable tolling).

The fact that Alexander's second state habeas application was denied less than one year prior to his filing of the federal petition is irrelevant because this second state petition did not revive any portion of the limitations period. Nor does his claim that the trial judge confused him with his co-defendant by twice referring to Alexander as "Mr. Stokes," including once while sentence was being pronounced, give rise to rare and exceptional circumstances justifying equitable tolling of the statute of limitations. Alexander's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 10) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action be and hereby is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Reginald Alexander is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 21st day of April, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE